# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

<table>
<tr><td>CHAMBERS OF<br>THE HONORABLE GINA L. SIMMS<br>UNITED STATES MAGISTRATE JUDGE</td><td></td><td>6500 CHERRYWOOD LANE<br>GREENBELT, MARYLAND 20770</td></tr>
</table>

March 2, 2026

LETTER TO COUNSEL

RE:   *Melody K. v. Bisignano, Commissioner of the Social Security Administration*[1]
Civil No. GLS-25-00416

Dear Counsel:

Pending before this Court are briefs filed by Plaintiff Melody K. and the Social Security Administration and Plaintiff's Reply Brief. (ECF Nos. 14, 16, 18). Upon review of the pleadings and the record, the Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025).

The Court must uphold the decision of the Social Security Administration ("SSA" or the "Agency") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial-evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* For the reasons set forth below, I will reverse the Commissioner's decision in part and remand the case back to the SSA for further consideration.

## I.   BACKGROUND

Plaintiff filed a Title II application for a period of disability and disability insurance benefits on March 3, 2021. (Tr. 177-80). In the application, the Plaintiff alleges that disability began on August 1, 2017. (Tr. 18, 177). The claim was initially denied on February 7, 2022, and upon reconsideration, denied again on April 27, 2023. (*Id.* at 18.). On May 11, 2023, Plaintiff filed a written request for a hearing, which was granted. (*Id.*). An Administrative Law Judge ("ALJ") held a telephonic hearing on December 21, 2023. (Tr. 18, 40-73). On February 14, 2024, the ALJ found that the Plaintiff was disabled under sections 216(i) and 223(d) of the Social Security Act beginning on August 30, 2022, but was not disabled before that date. (Tr. 18-30). On January 17, 2025, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision dated February 14, 2024, became the final and reviewable decision of the SSA. (Tr. 1-6).

---

[1] On February 10, 2025, Plaintiff filed her case against Michelle King, the then Acting Commissioner of Social Security. (ECF No. 1). On May 7, 2025, Frank Bisignano became the Commissioner of the Social Security Administration. Accordingly, consistent with Fed. R. Civ. P. 25(d), Commissioner Bisignano has been substituted as the Defendant in this case.

*Melody K. v. Bisignano, Commissioner of the Social Security Administration*
Civil No. GLS-25-0416
March 2, 2026
Page 2

*See* 20 C.F.R. § 422.210(a).

## II.   THE LAW

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Id.* § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520(a), 416.920(a). *See, e.g.*, *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assess whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations (the "Listings"). If the first three steps are not conclusive, i.e., a claimant's impairment is severe but does not meet one or more of the Listings, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC"). A claimant's RFC is the most that a claimant could do despite her/his limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (alteration in original) (quoting 20 C.F.R. § 416.945(a)(2)). Also at step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her/his impairments. Finally, at step five, the ALJ analyzes whether a claimant could perform jobs other than what the claimant performed in the past, and whether such jobs exist in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

At steps one through four, it is the claimant's burden to show that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam).

*Melody K. v. Bisignano, Commissioner of the Social Security Administration*
Civil No. GLS-25-0416
March 2, 2026
Page 3

### III.  ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The ALJ first evaluated Plaintiff's claim by following the sequential evaluation process outlined above.  (Tr. 20-30).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 1, 2017, the alleged onset date of Plaintiff's disability.  (Tr. 20).  At step two, the ALJ found that, since August 1, 2017, Plaintiff suffered from the following severe impairments: mast cell disorder, degenerative disc disease of the lumbar spine with spinal stenosis, and pancreatic insufficiency.  (*Id.*).  The ALJ found these impairments were severe because these impairments significantly limit the Plaintiff's ability to perform basic work activities as required by SSR 85-28.  (*Id.*).  However, at step three the ALJ also determined that none of Plaintiff's impairments or combination of impairments met or medically equaled one or more of the Listings.  (Tr. 22-24).  Taking into account Plaintiff's severe impairments, the ALJ next assessed the Plaintiff's RFC.  Despite Plaintiff's severe impairments, the ALJ determined that, prior to August 30, 2022, Plaintiff had the RFC:

> to perform light work as defined in 20 CFR 404.1567(b) except [Plaintiff] can lift up to 20 pounds occasionally and 10 pounds frequently; she can stand or walk for 6 hours out of an 8-hour workday, and she can sit for 6 hours out of an 8-hour workday.  She can occasionally climb ramps, stairs, ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl.

(Tr. 24).

At step four, the ALJ found that, before August 30, 2022, Plaintiff was capable of performing past relevant work as a vice president of a financial institution.  (Tr. 26-27).  The ALJ, however, found that, beginning on August 30, 2022, Plaintiff was unable to perform any past relevant work.  (Tr. 28).  The ALJ found that, since August 30, 2022, Plaintiff has had the RFC:

> to perform light work as defined in 20 CFR 404.1567(b) except [Plaintiff] can lift up to 20 pounds occasionally and 10 pounds frequently; she can stand or walk for 6 hours out of an 8-hour workday, and she can sit for 6 hours out of an 8-hour workday.  She can occasionally climb ramps, stairs, ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl.  She can perform work where she is permitted to be off-task 15 percent or more of the workday.

(Tr. 27).

The ALJ found that Plaintiff had stated in an adult function report in April 2021 that she could drive, shop in stores with her husband or granddaughter, and perform indoor household chores such as dusting and washing the dishes.  (Tr. 25).  Thus, the ALJ found that Plaintiff's daily

*Melody K. v. Bisignano, Commissioner of the Social Security Administration*
Civil No. GLS-25-0416
March 2, 2026
Page 4

activities and abilities before August 30, 2022, supported a finding that she was able to perform work at the light exertional level with no off-task limitation before that date. (*Id.*). The ALJ found, however, that Plaintiff would be off task 15% or more of the workday beginning on August 30, 2022. (Tr. 28). The ALJ found that, "beginning on August 30, 2022, [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms. [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are consistent with the objective medical evidence and other evidence." (*Id.*). The ALJ, however, did not review Plaintiff's daily activities beginning on that date.

Before making a finding regarding step five, the ALJ conducted a hearing on December 21, 2023. (Tr. 40-73). At the hearing, a vocational expert ("VE") testified, relying upon the *Dictionary of Occupational Titles* and her own experience in the field of vocational rehabilitation. The VE identified the Plaintiff's past relevant work: vice president of a financial institution. (*Id.* at 69). The ALJ asked the VE whether a hypothetical person with the same age, education, and work experience as the Plaintiff, who was able to perform a range of light work, would be able to perform Plaintiff's past relevant work. (*Id.* at 69, 70). The VE opined that the hypothetical individual would be able to perform the past work as customarily and actually performed. (*Id.* at 70).

In a second hypothetical, the ALJ inquired about the performance of sedentary work. The ALJ asked the VE whether a hypothetical person with the same age, education, and work experience as the Plaintiff would be able to perform Plaintiff's past relevant work, but at the sedentary level. (Tr. 70). The VE opined that the hypothetical individual could perform the past relevant work as customarily preformed. (*Id.*).

In a third and final hypothetical, the ALJ asked the VE whether a hypothetical individual would be able to maintain past relevant work or any other work in the national economy with any of the following three limitations: (1) a need to be off-task 15% or more of the workday, (2) absent unexpectedly two or more days per month, or (3) a need for breaks of 60 minutes or more throughout the workday in addition to taking regularly scheduled breaks. (Tr. 71). The VE opined that the hypothetical individual would be able to perform Plaintiff's past relevant work with an established employer. However, a new employer would not have tolerance for the hypothetical individual's absenteeism of more than a day and a half or being off-task more than 10 percent of the workday. (Tr. 71, 72).

At step five, the ALJ ultimately determined that the Plaintiff was not disabled prior to August 30, 2022, but became disabled on that date and has continued to be disabled, as there are no jobs that exist in significant numbers in the national economy that the Plaintiff can perform. (Tr. 29, 30).

## IV.    DISCUSSION

On appeal to this Court, Plaintiff contends that substantial evidence does not support the ALJ's denial of disability benefits before August 30, 2022. In particular, Plaintiff argues that,

*Melody K. v. Bisignano, Commissioner of the Social Security Administration*
Civil No. GLS-25-0416
March 2, 2026
Page 5

because the ALJ failed to set forth a narrative discussion explaining the evidence that supports the conclusion that Plaintiff was not disabled before August 30, 2022, this Court cannot meaningfully review the ALJ's decision.  (ECF No. 14, pp. 7-13).  In response, the SSA argues that the ALJ properly supported the RFC limitations with substantial evidence in the record.  (ECF No. 16, pp. 4-10).  I have carefully reviewed the arguments and the record.  I find persuasive Plaintiff's argument.  Accordingly, I find that remand is appropriate, for the reasons set forth below.

The Fourth Circuit requires an ALJ's findings regarding a claimant's RFC to be "accompanied by a 'narrative discussion describing the evidence' that supports it."  *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (alteration in original) (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)); *see* Social Security Ruling 96-8p, 1996 WL 374184, at *7 (July 2, 1996).  A proper RFC narrative consists of: "(1) evidence; (2) [a] logical explanation; and (3) [a] conclusion."  *Dowling*, 986 F.3d at 388 (quoting *Thomas*, 916 F.3d at 311).  In addition, an ALJ's narrative discussion must "[contain] an accurate and logical bridge from the evidence to [a] conclusion."  *Monroe*, 826 F.3d at 189.  Moreover, an ALJ's logical explanation is just as important as the other two components of the RFC analysis.  *Thomas*, 916 F.3d at 311.

Furthermore, when an ALJ determines a percentage of time that a claimant will be off-task during an eight-hour workday, the ALJ must explain that conclusion and support it with substantial evidence.  *See Kane v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG 17-01252, 2018 WL 2739961, at *2 n.2 (D. Md. May 14, 2018); *Lee v. Berryhill*, Civ. No. TMD 15-3307, 2017 WL 3007068, at *8 (D. Md. July 14, 2017).  When an ALJ does not explain the basis for the percentage of time off-task, remand is warranted.  *See Bibey v. Saul*, Civ. No. JMC 19-2690, 2020 WL 7694552, at *4 (D. Md. Dec. 28, 2020); *Brian L. v. Comm'r, Soc. Sec. Admin.*, Civ. No. DLB 19-197, 2020 WL 1814205, at *3 (D. Md. Apr. 9, 2020).

In this case, the ALJ found that Plaintiff had stated in an adult function report in April 2021 that she could drive, shop in stores with her husband or granddaughter, and perform indoor household chores such as dusting and washing the dishes.  (Tr. 25).  Thus, the ALJ found that Plaintiff's daily activities and abilities before August 30, 2022, supported a finding that she was able to perform work at the light exertional level with no off-task limitation before that date.  (*Id.*).  The ALJ found, however, that Plaintiff would be off task 15% or more of the workday beginning on August 30, 2022.  (Tr. 28).  The ALJ found that, "beginning on August 30, 2022, [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms. [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are consistent with the objective medical evidence and other evidence." (*Id.*).  The ALJ, however, did not identify any change in Plaintiff's daily activities after August 30, 2022.

The Court finds instructive the case of *Keith L. v. Saul*, Civ. No. DLB 20-930, 2021 WL 1723084, at *1 (D. Md. Apr. 30, 2021).  In *Keith L.*, the ALJ included a limitation in the claimant's RFC that he would be off task for five percent of the workday.  The ALJ opined that this limitation was fashioned due to the claimant's pain.  On appeal, the court first found that the ALJ did not explain how that five percent off-task limitation was calculated.  2021 WL 1723084, at *2.  The

*Melody K. v. Bisignano, Commissioner of the Social Security Administration*
Civil No. GLS-25-0416
March 2, 2026
Page 6

*Keith L.* court further held that the percentage of time that the claimant would be off task materially affected his claim, because the VE had testified that, were he to be off task fifteen percent of the time during the workday, that would preclude his employment. *Id.* Without a narrative explanation of how the evidence supported a "seemingly arbitrary" five percent limitation, the *Keith L.* court found that remand was necessary. *Id.*; *see Bibey*, 2020 WL 7694552, at *4 (remanding case where ALJ did not explain how evidence supported determination that claimant needed to be off task for five percent of the time); *Brian L.*, 2020 WL 1814205, at *3 (remand required where ALJ did not explain how evidence supported five percent off-task limitation); *Lee*, 2017 WL 3007068, at *8 (remand necessary where ALJ did not explain how evidence supported a determination of a claimant's need to be off task for ten percent of the time); *Petry v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (remand required where ALJ did not explain how the evidence supported a ten-percent limitation).

As occurred in *Keith L.*, here, the ALJ assigned a 15% off-task limitation beginning on August 30, 2022, to account for Plaintiff's pain without any explanation as to why Plaintiff's pain would cause her to be off task for 15% of the workday as of that date. (Tr. 28). Indeed, the Court finds that the ALJ offers no explanation as to why 15% percent, rather than any other percentage, is supported by the evidence of record. (*Id.*). I further find that this lack of explanation materially affects Plaintiff's claim because the VE testified at the hearing that a finding of being off task 15% of the time would preclude employment. (Tr. 71). The SSA contends that the ALJ's inclusion of the 15% limitation "accounted for Plaintiff's symptoms in a reasonable way," providing "ample time during the workday to address Plaintiff's numerous and unpredictable symptoms." (ECF No. 16, p. 8). However, without further explanation, I am unable to ascertain how the ALJ assessed Plaintiff's RFC beginning on August 30, 2022. *See Keith L.*, 2021 WL 1723084, at *2; *see also Monroe*, 826 F.3d at 191 (holding where the ALJ did not adequately explain his analysis, the Court was unable to undertake meaningful substantial evidence review).

In addition, if an ALJ "examines the sorts of activities that a claimant performs, the ALJ must also consider 'the *extent* to which [the claimant] can perform them.'" *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 608 n.15 (4th Cir. 2025) (alteration in original) (quoting *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)). The ALJ found that Plaintiff's reported daily activities and abilities before August 30, 2022, included driving, shopping in stores with her husband or granddaughter, performing indoor household chores, paying bills, counting change, handling a savings account, and using a checkbook. (Tr. 25). However, "the ALJ provided no explanation as to how those particular activities . . . showed that [she] could persist through an eight-hour workday" before August 30, 2022, at the light exertional level with no off-task limitation. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 263 (4th Cir. 2017).

In sum, I find that the ALJ failed to fashion a "logical bridge" between the evidence and his determination. *See Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (citing *Monroe*, 826 F.3d at 189). Accordingly, remand is warranted.

On remand, the ALJ should provide a proper narrative discussion that describes how the evidence supports his determination of the time off task required. That narrative must be an

*Melody K. v. Bisignano, Commissioner of the Social Security Administration*
Civil No. GLS-25-0416
March 2, 2026
Page 7

"accurate and logical bridge" between the evidence and the ALJ's conclusion.

## V.        CONCLUSION

For the reasons set forth above, consistent with sentence four of 42 U.S.C. § 405(g), the Agency's judgment is **REVERSED IN PART** due to inadequate analysis.   The case is **REMANDED** for further proceedings in accordance with this opinion.  I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not disabled and, therefore, not entitled to benefits, is correct.  The Clerk of the Court is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such.  A separate Order follows.

Sincerely,

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge